## AFFIDAVIT OF APPELLANT

Affiant who goes by the appellation Dayonta McClinton, in good faith, brings forth an honest affidavit with facts of truth herein relating to Case No. 1:18-cr-00252. Affiant solemnly declares the facts herein are true and based on his personal knowledge of the proceedings and documents mentioned in-support of his ineffective assistance claims.

### Facts Pertaining To Affiant's Claims

1.) During the juvenile transfer proceeding, retained counsel Ralph Winston Staples who made an appearance on the case 07/14/2017 was ineffective. Prior to retaining Staples my mother had sent him to speak with me about the juvenile transfer proceedings. The visit from Staples took place around the 1st week of July in 2017. We talked about whether Staples would defend me against the transfer to adult prosecution and if so, how he would do it. I told him my lawyer at the time Samuel Ansell was planning to hire an independent expert psychologist to evaluate me; his reasoning being that it was the only way he could defend me against the government's psychologist. Staples' in turn agreed with adopting that very exact defense and as a result was retained almost immediately after by my mother (guardian at the time) Gaytalise Speight.

1

2.) Staples went on to represent me until 08/28/2018 in which he did ineffectively. I had spoken with counsel no more than one time prior to the day of the transfer hearing. He and I had no communication via telephone, mail or in person; my family was not notified of the transfer hearing, therefore were not present nor was I prepared.

3.) During/prior to the transfer hearing the Government's evidence had never been disclosed to me. During the hearing was the first time I'd heard the evidence, yet I still had not been given a fair chance to review it's content or challenge its legitimacy. As a result the Government was able to declare that I'd once been disciplined for possessing a firearm inside of a school I attended; this was false erroneous fact-finding which weighed in favor of the court waiving me over. What the Government alleged would have been a criminal charge had it been true but it was not and is not in my delinquent history. I opted for counsel to object but he did not. See -- Transfer Hearing Transcript (p.23 Line 1-4; p.47 Line 22-25).

4.) Majority of the Government's evidence had been based on their expert witness Dr. Sibilla's evaluation/opinion. Knowing this counsel still failed to hire an expert witness to assist him in an independent fact-finding of 18 U.S.C. 5032 "Interest Of Justice" factors. Consequently, during rebuttal to the government's closing argument, counsel gave an "Admission" of being actually confused during cross-examination of the government's expert witness.

2

5.) I did not understand a lot of the Government's expert evidence as I was also never prepared to but it was never my plan for my counsel to offer being confused with an expert's opinion as my defense. See -- Transfer Hearing Transcript (p.50 Line 1-10). The independent psychologist I told Staples I wanted could have understood Dr. Sibilla's Opinion and perhaps offered the only strategic defense I had.

6.) The hearing ended without counsel ever objecting, presenting any evidence or witnesses on my behalf; there was also a manifest defect as the Government failed to make adequate fact-finding in all of 18 U.S.C. 5032's "Interest Of Justice" factors. When asked about the 5032's sixth factor "the unavailability of programs designed to treat the juvenile's behavioral problems" Dr. Sibilla ruled out a bunch of treatments and found that I needed "comprehensive mental health treatment" but he was unaware if that sort of treatment was available. Staples did not object to this nor indicate that he'd done his own investigation of the availability of treatment programs. See -- Transfer Hearing Transcript (p.29 Line 20-25; p.30 Line 1; p.46 Line 13-16).

7.) After the hearing Staples consulted with me for the first time offering that if I were waived over he'd be able to get me a plea in court as an adult. I declined the offer and was transported back to Illinois where I was being housed as a juvenile.

8.) Staples abandoned me at a critical stage, which costed me a

defense (expert witness) and appeal that was immediately appealable as a collateral order. Counsel had at various times failed to function as my counsel and advocate my cause against the transfer order. Counsel did not consult the appeal with me ever nor file it, which may be because he was missing-in-action without good cause. Counsel's missing-in-action started 07/02/2018 after the hearing, including evading the court from 07/18/2018 up until 08/28/2018, a totality of 57 days. Counsel's abandonment was so complete attorney Charles Hayes had to step in to represent me when asked by court.

9.) In counsel's abandonment I was transferred to adult court and transported to an adult's only detention center all without representation and legal understanding. 07/25/2018 I knew I was being transferred because the Marshalls for the first time put me in a holding cell with adults. Inside the court that day my counsel had not appeared nor was I informed of my right to appeal the transfer. The absence of counsel ultimately caused another unreasonable delay which confused me during that period of time making me believe that the order was final and unappealable. Then finally 08/28/2018 counsel was present to hold an initial appearance and subsequently an ex parte hearing, which Staples withdrew from the case.

10.) During the ex parte hearing, the Honorable Judge Mark J. Dinsmore had asked counsel what was his reason for withdrawing and Staples replied he had not been effective in the case. The Judge

4

then asked me if I consented and I said "Yes."

11.) At the time I was transferred I knew nothing of Staples' earlier sanction which was before the new one he'd received through Judge McVicker Lynch's Report and Recommendation as to why he was to be sanctioned. 09/24/2018 DKT. # 83; 08/01/2018 DKT. # 56. Counsel never notified me of the Status Conference or the deadlines he'd missed and failed to comply with. Had he showed up to the Status Conference they would have known that I did intend to offer my own expert psychologist. However he failed to report that among other things and no expert was hired; the failure also caused "unreasonable delay" which there was inherent prejudice as the government later argued that even if I could be rehabilitated, I did not have enough time left in the juvenile system. See -- Transfer Hearing Transcript (p.30 Line 2-8; p.47 Line 8-12).

12.) The counsel's Unreasonable Delay is such a crucial reason for the short time I had to be considered for rehabilitation. The government had already delayed the indictment/complaint for 2 years when Staples appeared on the case, he then furthered it. In Judge Mark J. Dinsmore's Report counsel's conduct was described as being detrimental to his client. In another Report by Judge Debra McVicker Lynch counsel was deemed to have the same patterns of conduct that he'd previously been fined for, inconvenienced all parties involved and most likely not inspired confidence in his client. I agree with both Judges' Report and Recommendation

5

as Staples' failures to function did, in fact, have detrimental effects on my defense and inconveniences that was prejudice. Though the Court has been compensated for counsel's failures, a remedy for those same failures, which had an adverse effect in my outcome has never been given to me.

13.) Ralph Staples' ineffectiveness ranged from failures to appear as my counsel to failures to investigate, present/interview available witnesses on my behalf, hire an expert witness and provide an adequate defense. Counsel spent no time preparing me for the transfer hearing nor did he consult a collateral appeal with me in the time he had to do so. Counsel's misrepresentation was a violation of my 6th Amendment and Due Process.

14.) On 08/28/2018 I requested that the Court appoint Harold S. Ansell back onto my case. The next day Ansell made an appearance on the case. I however, did not speak with Ansell until the next year around I believe February, which was spent discussing pretrial matters. The visit was via video conference while I was currently being housed in the Henderson Detention Center in Kentucky. Aside from discussing my pretrial matters I did happen to ask Ansell why he didn't appeal the transfer order. His response was simply that I'd have to wait until direct appeal if I was found guilty.

15.) Attorney Ansell had been ineffective as well in appealing the transfer. Even though the 14 days to file an immediate collateral order were over and deemed to be waived under Ralph

6

Staples' period of being counsel, the order was not yet a final decision. Before Staples withdrew, the Court's order granting transfer had been granted for 41 days. Ansell filed an appearance on the case 08/29/2018 meaning he had 19 days to appeal the transfer.

16.) This is so because the juvenile transfer proceedings are "civil in nature" and whether a juvenile wins or not he/she still has 60 days to appeal under a collateral order. Ansell failed to consult this with me once he was appointed and to my belief I don't think that he'd done so knowingly. During Ansell's period as counsel I can honestly say Ansell's key concerns were of trial and pretrial matters only. It is possible he thought the appeal was forfeited by Staples whom had failed to file it within 14 days. However, if Ansell would have investigated or realized that the juvenile proceeding **was** civil in nature, he could have saved me a chance to immediately appeal the transfer under a collateral order that was to be done so in 60 days. But since he did not, the failure to consult an appeal I otherwise would have, falls on him as well as he did have 19 days left to do so.

17.) During the sentencing stage of my case I received Ineffective Assistance from my attorney at the time Jeff Baldwin. At sentencing I was sentenced as an adult to 228 months under counts 1 and 2 of the indictment/acquitted conduct. Counsel was ineffective because he failed to raise a very important issue whereas 18 U.S.C. 5032 states, "whenever a juvenile transferred to District Court under

7

this section is not convicted of the crime upon which the transfer was based or another crime which would have warranted transfer had the juvenile been initially charged with that crime, further proceedings concerning the juvenile shall be conducted pursuant to the provisions of this chapter [18 U.S.C.S. 5031 et seq.]."

18.) Counsel Jeff Baldwin did not consult this with me nor did I have knowledge of this information as I did not have access to the law library at the time. Under the 18 U.S.C. 5032 my sentence is unwarranted and a manifest injustice has resulted because the District Court has abused its discretion. Once I was acquitted of counts 3 and 4, which were heavily relied upon in the court's waiver decision, the court was supposed to conduct further proceedings discerning me as a juvenile pursuant to the provisions of 18 U.S.C.S. 5031.

I declare under penalty of perjury under federal law that the statement of facts made herein is true, correct, and complete; and that this Affidavit is being executed by Affiant this day, February 25, 2024.

In the State of Indiana
In the County of
In the United States.

Case No: 1:18-cr-00252

Affidvit Of <u>Gaytalise Speight.</u>

I Gaytalise Speight, the affiant herein, do hereby Swear and/or affirm that the following Statement made herein is True and exact to the best of my Knowledge belief and understanding and that said statement Affidvit is given without threat, and/or promises of any Kind and I do not expect any in return for the truth contained herein. Bill under the penalty of perjury.

<u>Ralph Staples Demonstrated Inffectiveness During Dayonta McClinton Juvenile Proceedings and Transfer.</u>

I Gaytalise Speight mother of Dayonta McClinton hired attorney Ralph Staples to represent my son Dayonta McClinton against a juvenile proceedings and transfer. Ralph Staples assured my son Dayonta McClinton and I Gaytalise Speight upon hiring him he would be of great assist~~ance~~ Before, hiring Ralph Staples he met with Dayontor McClinton and myself, and assured us both that he would hire a independent psychologist as part of his defense.

1

Ralph Staples failed to do so. Ralph Staples failed to communicate and keep me up to date on Dayonta McClinton court dates and his defense. I missed multiple important court dates due to Ralph Staples neglience.

Ralph Staples strategy was to hire a psychologist in defense of Dayonta McClinton, which he failed to do so by missing the deadline that was given by the Judge and not notifying me that the deadline was not met. In **support** of my son Dayonta McClinton, Ralph Staples failed to notify and communicate with me about Dayonta McClinton transfer hearing. I didn't recieve any form of contact to be at the transfer hearing in support of my son. After finding out about the hearing, I reached out to Ralph Staples Paralegal Jennifer whom related to me that Ralph Staples was supposed to contact me about the transfer hearing, so at this point she didn't know what **was** going **on.**

The Day of the initial hearing I wasn't present again due to Ralph Staples neglience once again. I haven't been contacted that Dayonta was able to have family at his initial hearing and Dayonta Court appearance was coming up. The day of the hearing Dayonta was able to make a call before going to court to the mother of his child, she contacted

2

me at work and I met her down at the courthouse. I was very upset that I wasn't notified again. I get down to the courthouse only to be approached outside the courtroom by attorney Charles Hayes whom I met with days before, were he and I talked about Dayonta McClinton case. Attorney Charles Hayes let me know that Ralph Staples was not present and the Judge asked him to stand in place of Ralph Staples not caring if he knew anything about the case just so they can proceed **instead** of rescheduling which is unconstitutional.

Had Ralph Staples been present to represent my son and gave me an adequate notice that Dayonta was being waived I would have appealed the transfer. The appeal was apart of my agreement when I hired Ralph Staples as the understanding between us was that he fight against the transfer. But Ralph Staples did no such thing and when I asked him to appeal he said he could not appeal until Dayonta was sentenced. I later found out that Staples had 14 days to appeal the transfer immediately but just like other times in the case he failed to do so and was missing in action.

3

Ralph Staples did not do what he was hired to do and demonstrated ineffectiveness in his representation to the family and I Gaytalise Speight. Ralph Staples was sanctioned twice which was never mentioned to me at the time. The court clearly expressed disapproval for Staple's conduct through sanctions reprimanding him, therefore the transfer should have been unwarranted due to default of the lawful proceeding that my son was suppose to be afforded as a juvenile in the federal court.

4

Affidavit of Truth

My name is Krysie Anna Payne Chamberlain, I am 27 years old, I currently reside at 15226 clear st Noblesville, IN 46060. The following is My statement of truth. Ralph Staples was hired by myself and Dayonta Mcclinton's Mother, Miss Speight, to represent him on this case. We hired Staples because we believed that he had integrity and could be trusted to properly represent Dayonta After staples was hired we set up a meeting with him at his office. At this meeting Staples assured us that he would do his job to the best of his ability. During this meeting Staples also made us aware that Dayonta could be tried as an adult but he planned to hire an independent psycologist and defend him against transfer for adult prosecution. Staples also shared the indictments and developments of the juvenile proceedings. After this first meeting it became a little hard to get a hold of Staples for communications. We were able to speak with the secretary but she was unable to give us answers to what we needed. Then on or about July 25th, 2018

Dayonta notified myself and his Mother that he went to court and had been waived over to adult prosecution. Dayonta let us know that Staples did not show up for this court date, nor did he ever hire the psycologist like he originally told us. Eventually myself and Miss Speight were able to speak with Staples about this and told him We wanted to appeal Dayonta being waived over without him. But when we told Staples we wanted to appeal he told us we could not appeal he told us we could not appeal anything until the case was over and Dayonta was sentenced. We later found out that Staples had actually been sanctioned and fined for his multiple failures to appear and represent Dayonta. A couple weeks later we met with Attorney Charles Hayes, who told us we could have appealed within 14 days immediately. Had we known the transfer was appealable immediately we would have filed the appeal with or without Staples. I, Krysie Anna Payne Chamberlain submit this truth under penalty of perjury on behalf of Dayonta McClinton in case 1:18-Cr-00252.

Dayonta McClinton

V.

United States Of America

Case No: 1:18-Cr-00252-001

Motion To Vacate, Set Aside And
Remand Sentence Under Title
18 U.S.C. 2255

Appellant is filing this motion Pro Se, absent
any legal assistance and with limited Authorative
citations and requests this Court to hold this
motion to less stringent standards than one
prepared by a lawyer.

## Attachment - Law In Support

A.)  Ralph Staples First Sanction Constitutes
     Ineffective Assistance

The District Court Magistrate Judge Mark Dinsmore gave
Report & Recommendation that Ralph Staples be santioned for his
multiple failures to appear and comply with Court orders absent
a showing of Good Cause.  Staples' failures are listed in
the following:

1.)  Failure to File a report with the Court on or before
     February 13, 2018 regarding an independent psychologist
     and timeliness of doing so as well as the earliest date
     that the hearing on the government's motion could be
     scheduled.

2.)  Failure to appear to a status hearing to discuss the
     missing report that was to disclose whether or not
     his juvenile client intended to engage his own expert.

3.)  Failure to appear to the Court ordered show cause
     hearing as to why he should not be sanctioned.

Ralph Staples was sanctioned shortly after with 14 days to
file for a subsequent review which he did not file.  The Court
proceeded without the required information that was to be reported
and the defendant was waived to adult court.

1

The Appellant asserts that he was prejudiced by Staples' failures to comply with Court orders. Counsel's complete failures (1) prevent him from obtaining an expert psychologist whose rebuttal opinion and evaluation would have been used as an adequate defense in the Apellant's favor, and (2) caused an unreasonable additional delay all to the Appellant's detriment, who had been incarcerated nearly a year and it was or would have been in his best interest to save himself as much time as possible as a juvenile and to remain in the juvenile system. (For rehabilitation purposes).

Magistrate Judge Mark Dinsmore in his report and recommendations quoted, "Mr. Staples' failure to comply with multiple court orders of the court has certainly contributed to unnecessary additional delay in resolution of the government's motion to transfer, all to the detriment of his client..."

Judge Dinsmore then cited, "Salata v. Weyerhaeuser Co., 757 F.3d 695, 669-700 (7th Cir. 2014); Reales v. Consol. Rail Corp., 84 F.3d 993, 996-97 (7th Cir. 1996)"

The 7th Circuit in Salata found that because counsel's failure to appear at multiple status hearings and plaintiff's ongoing failure to provide outstanding discovery, even after being compelled to do so, provided more than enough reason to dismiss case under Fed.R.Civ. 41(b).

2

The Court noted that under Fed.R.Civ.P. 41(b) that a court should exercise the right sparingly and should dismiss a case under Rule 41 only when there is a clear record of delay or contumacious conduct, or when less drastic sanctions have proven unavailing.

In the Appellant's juvenile proceedings the case was not dismissed, however, his opportunity to hire his own expert rebuttal witness against the government's expert psychologist was indeed dismissed/forfeited by counsel's failures to comply. Counsel's failures even gave the government ammunition to argue that there was not enough time for him to be rehabilitated. (Transfer Hearing Transcript - p.30 Line 1-8; p.49 Line 1-7). This he did because his disregard to comply with the Court's orders and contumacious conduct caused an unreasonable delay. All the time Staples had to prepare an adequate defense and hire an expert witness was in vain.

From the record the Appellant had not taken any parts in counsel's delay or poor conduct. And it is indicated in his affidavits as well that he'd not communicated with Staples about any of the status hearings and developments in the case during the time Staples represented him. Had he'd been given the notifications that Staples received from the Court, Appellant asserts that he would have responded and hired an expert witness, and even insisted that Staples at least interview the government's expert witness before the hearing.

3

Everyday that passed during the juvenile proceedings and Staples' delay in that time increased the difficulty for the Appellant to produce an adequate defense against the government's motion to transfer. Especially when you consider the Appellant's age at the time and the fact that the transfer hearing would be one-sided from counsel's failure to hire an expert psychologist to make independent findings of facts in the 18 U.S.C. 5032's "interest of justice" factors; which the government hired an expert for.

In John McMahan v. Deutsche Bank AG, 892 F.3d 926 (7th Cir. 2018), the Court held that an unreasonable delay gives rise to a presumption of prejudice.

The Appellant's case is certainly different/diverse to the common civil cases, the proceeding in which he was waived and challenges is civil in nature, so Federal Rules of Civil Proceedings must apply where they are essential in a juvenile proceeding.

## Law & Support

In Re Gault 387 U.S. 1, 18 L.Ed.2d 527, 87 S. Ct. 1428 (1967), The Supreme Court held that notice to comply with due process requirements must be given sufficiently in advance of scheduled court proceedings so that a <u>reasonable opportunity</u> to prepare will be afforded, and it must set forth the alleged misconduct with particularity.

4

Appellant (McClinton) was not afforded that reasonable opportunity as he received no notices that were given to Staples prior to the transfer hearing, whether it being the government's disclosed expert evidence or the notices for Staples to disclose whether McClinton would hire an independent expert witness. Staples never spoke with McClinton not even once during the time he had to prepare for the transfer hearing. He did not consult or review the government's evidence with McClinton nor did he notify him of the opportunity to hire an expert witness for rebuttal before it's deadline. The one time he had spoken with McClinton was before he was actually retained and from the Appellant's Affidavit therein McClinton expressed interest in hiring his own psychologist. However, during Staples' actual representation he did not function as any competent counsel would in preparation of the Appellant's defense.

In Gault, 387 U.S. 30, the Supreme Court quotes "there is no place in our system of law for reaching a result of such tremendous consequences - without ceremony - without hearing, without <u>effective assistance of counsel</u>, without a statement of reasons."

In Gault, 387 U.S. 36, the Supreme Court held "the juvenile needs the assistance of counsel to cope with problems of the law, to make skilled inquiry into the facts, to insist upon regularity of the proceedings, and to ascertain whether he has a defense and to prepare and submit it. The child "<u>requires the guiding hand of counsel at every step in the proceedings against him</u>."

With that being said, Staples' is ineffective, he abandoned his client at a critical stage where the Appellant was to have adequate opportunities and time to prepare a defense, which he was paid to do and was fully aware of deadlines as well as the significant consequences his client faced.

The right to effective assistance of counsel may be violated by even an isolated error of counsel if the error is sufficiently egregious and prejudicial. Murray v. Carrier (1986) 477 U.S. 478.

B.) Counsel Was Ineffective During The Transfer Hearing

1.) After failing to appear and disclose whether he'd hire an independent psychologist on behalf or by desire of his client, Staples offered being "confused" with the government's psychological evidence/testimony during his cross-examination as rebuttal in his closing argument.

McClinton asserts that Staples did not practice the care and skill that any competent lawyer would have in such a critical proceeding with such extraordinary circumstances and consequences for a client whom is a juvenile defendant also found to be of low-intellect.

To be an effective attorney, one must exercise the care and skill which a reasonably competent attorney would exercise for similar services under the circumstances. Strickland v. Washington (1984), 466 U.S. 668, 687.

6

Ralph Staples was precisely the opposite of "competent" as he sought to rebut a psychology expert's testimony about evidence which he lacked specialized skill, experience and expert knowledge. The fact that he was confused is not surprising as Staples' profession requires him to specialize in a completely opposite field where he practices the law of the Country.

Instead of subjecting the government's expert evidence to meaningful adversarial testing Staples simply said it confused him and basically all in all that he did not understand the psychological evidence/opinion. This shows that he should have hired an expert of his own and at least interviewed Dr. Sibilla beforehand.

(Counsel failed to interview psychologist, resulting in a one-sided proceeding). Stevens v. Mcbride, 489 F.3d 883, 896 (7th Circuit 2007).

2.) Counsel's ineffective assistance in conducting an independent investigation and preparation for a defense based on the "interest of justice" factors contributed to a waiver decision that was not based on a full investigation; See - Kent 383 U.S. 559, "...upon the statutory command... waiver can be ordered only after a full investigation; and by guarding against action of the juvenile court beyond it's discretionary authority." A waiver order that is not based on a full investigation results in a District Court's abuse of discretion which Appellant shows under plain error standard of Fed.R.Crim.P. 52(b).

7

As required by 18 U.S.C. 5032, the District Court did not make a finding in the "interest of justice" factor (6) the availability of programs designed to treat the juvenile's behavioral problems.  The Government's Dr. Sibilla testified that the Appellant's rehabilitation would require intense mental comprehensive treatment but did not know if that sort of treatment existed in the Juvenile Justice System.  The Government's psychologist had been inexperienced in cases with Federal juvenile: and failed to meet the requirement to make a finding in the "interest of justice" 6th factor.

See - U.S. v. C.G., 736 F.2d 1474; (11th Cir.); The District Court failed to make adequate findings of fact under 18 U.S.C. 5032's "Interest Of Justice," the order to transfer was therefore vacated and remanded.  U.S. v. Romulus, 949 F.2d at 715; Evidence of 18 U.S.C. 5032's "Interest Of Justice" six factors with regards to each factor shall be made in the record, in assessing whether a transfer would be in the "Interest Of Justice."  Romulus argued the District Court did not make findings with regards to two factors the Court was statutorily mandated to consider.  The omission itself constituted a remand for additional findings in the interest of justice.

3.  Counsel did not object when the Government entered erroneous inaccurate information which the District Court had relied upon.  Appellant declares that he had no record of being charged for possession of a firearm in school nor was he ever disciplined

for such an incident; the uncharged incident is not in the Government's "exhibit 4" and was never challenged or authenticated in their "exhibit 3." Juvenile Transfer Hearing Transcript (p.14 Line 7-25, p.15 Line 1-5, p.22 Line 15-25, p.23 Line 1-4).

See - U.S. v. P.M.B., (Juvenile Male) 660 Fed.Appx. 521, 101 Fed.R.Evid.Serv. (CBC) 425 (9th Cir. 2016). Evidence improperly admitted seriously effects the fairness, integrity and reputation of the proceeding. U.S. v. LWO, 160 F.3d 1179, U.S. App. LEXIS 28000 (8th Cir. 1998); The District Court was not to consider evidence of offenses where there was no charge or a charge but no conviction in determining the 5032 "Interest Of Justice" factors.

The Government's failure to make findings along with Counsel's ineffective assistance manifested the District Court's abuse of discretion where as a finding in 5032's "interest of justice" 6th factor wasn't made, which resulted in an adverse effect on the Appellant. Had counsel hired an independent psychologist to make findings in the 5032 interest of justice, he'd been able to subject the prosecutor's case to crucible meaningful adversarial testing.

### Counsel's Second Sanction
### And Failure To Raise/Consult An Appeal

July 18, 2018, the District Court granted the Government's motion to transfer McClinton and scheduled an initial appearance for July 25, 2018. Staples' failed to appear to the initial

9

appearance and went on to elude the court/his client until 08/28/2018.

On 08/02/2018, counsel was ordered to appear to a show cause hearing scheduled for 08/07/2018 to explain why he should not be sanctioned for failure to appear. Order signed by Judge Debra McVicker Lynch.

During time of Staples' disappearance McClinton was transferred to an adult jail and set to be prosecuted, without counsel ever being present. This was also a critical time period for McClinton to raise an appeal under a collateral order against transfer. Appellant lost that chance because of his counsel's abandonment.

Staples' time M.I.A. was so bad that Attorney Charles Hayes, whom did not know McClinton, had to step in and represent McClinton upon request of a Magistrate Judge.

08/28/2018 Staples finally showed up to represent McClinton and that same hearing was split to serve as an ex parte hearing as well. Staples had motioned to Judge Mark Dinsmore to withdraw counsel. Upon McClinton's request he was appointed Harold S. Ansell.

09/24/2018 Staples was sanctioned again under an order adopting report and recommendations made by Judge Debra McVicker Lynch. Counsel was sanctioned $1,000.00 for multiple failures to comply with Magistrate's orders. Signed by Tanya Walton Pratt.

Counsel's abandonment and ineffectiveness during the Juvenile

10

Transfer Proceeding deprived McClinton of his right to appeal the court's order.  In Strickland the proper framework is provided to evaluate a claim that counsel was constitutionally ineffective for failing to file a notice of appeal as, (1) counsel had a constitutionally imposed duty to consult with the appellant only when there was reason to believe that (A) a rational defendant would have wanted to appeal, or (B) a particular defendant reasonably demonstrated to counsel that he was interested in appealing; and (2) the defendant was required to demonstrate that there was a reasonable probability that, but for counsel's deficient failure to consult with about an appeal, the defendant otherwise would have appealed.  Counsel violated the objective reasonableness standard in Strickland v. Washington:  Expressing the view that the duty to consult was not satisfied, which has been ratified by the U.S. Supreme Court.  See - Roe v. Flores-Ortega, 528 U.S. 470, 145 L.Ed.2d 985, 120 S. Ct. 1029 (2000). Also - Hatchett v. Kapture, 109 Fed. Appx. 34 (6th Cir. 2004).

In summary, McClinton asserts that counsel's missing-in-action and cumulative failures amounts to ineffective assistance not only by Strickland but also Cronic.  In United States v. Cronic, 466 U.S. 648 (1984) the Supreme Court carved out an exception to the two part Strickland test.  There are circumstances so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified;  Prejudice will be presumed if: (1) there is a "complete denial of counsel" because "a trial is unfair if the accused is denied counsel at any critical stage...";

11

(2) counsel entirely fails to subject the prosecutor's case to meaningful adversarial testing"; and (3) although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial."

By counsel's complete failure to hire an expert witness and report to the court regarding such information, the transfer hearing was one-sided and he was unable to subject the prosecutor's case to meaningful adversarial testing during the proceeding. The fact that counsel neglected court's orders to report in regard to hiring an expert, failed to appear and missed the deadline to do so satisfies Cronic's first prong. Counsel's failures resulted in a complete denial of counsel at a critical stage and failure to subject the prosecutor's case to crucible meaningful adversarial testing. This also goes for counsel's missing in action during the time in which McClinton could have appealed the court's order immediately under a collateral order appeal.

## Ineffective Assistance Of Attorney Jeffrey Baldwin

In the District Court's waiver decision to prosecute McClinton as an adult the court abused it's discretion. The court sentenced the appellant to 228 months imprisonment as an adult without ever considering 16 U.S.C. 5032 and it relevance to McClinton's sentencing.

12

In it's decision to grant transfer the court placed the most
reliance on the information contained in the indictment's count
3 and 4, which were later acquitted at trial.  It is now a
violation of McClinton's 5th Amendment Due Process right to be
presumed innocent until proven guilty because the court placed the
most reliance on counts 3 and 4, which the court assumed guilt
to reach it's decision and the appellant was no long after
acquitted of.  That assumption of guilt goes well beyond what the
Federal Juvenile Delinquency Act permits when a juvenile is
waived over tried as an adult and acquitted of the very counts
which a waiver decision was made upon.

See -- In Re Sealed Case, 282 U.S. App. D.C. 156, 893 F.2d
363 (D.C. Cir. 1990);  While a juvenile can contest evidence
offered by the government for 5 of 18 U.S.C. 5032's "interest of
justice" factors, a judge is entitled to assume that the juvenile
committed the offense charged for the purpose of transfer hearings.
Such a presumption is not inconsistent with a juvenile's due
process rights because the trial itself functions as a corrective
for any reliance on inaccurate allegations made at the transfer
stage.  Also see, U.S. v. Juvenile, 451 F.3d 571 (9th Cir. 2006)
(same law).  The case was remanded because the court abused
discretion; the court could consistent with due process, make
such an assumption but was not required to do so.

13

Consistent with the reasons/issues herein appellant requests for the court to Vacate and Remand his current sentence with Immediate Release, as the current sentence is manifestly unjust, excessive and unwarranted considering the circumstance of the appellant's case.